Filed 9/29/15  P. v. Matteucci CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>VINCENT PIERRE MATTEUCCI,<br><br>      Defendant and Appellant. | A144793<br><br>(San Mateo County<br>Super. Ct. No. SC082668A) |

Vincent Pierre Matteucci was sentenced to three years in state prison after entering pleas of no contest, pursuant to a plea bargain, to assault with a deadly weapon and resisting an officer.

Matteucci's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) (see *Anders v. California* (1967) 386 U.S. 738 (*Anders*)), in which he raises no issue for appeal and asks this court for an independent review of the record.  (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124.)  Counsel attests that Matteucci was advised of his right to file a supplemental brief, but he has not exercised that right.

We have examined the entire record in accordance with *Wende*.  We agree with counsel that no arguable issue exists on appeal and affirm.

The crimes with which Matteucci was charged stem from two separate incidents.

On October 21, 2013, Bay Area Rapid Transit District police officers responded to a report that Matteucci had thrown a hammer at a group of picketers. Matteucci was identified by several witnesses and victims. Matteucci told officers he threw the hammer into the middle of the street to protect a girl from the picketers. As he spoke to the officers, a 4.5-inch wood-handled, metal pick dropped from Matteucci's person. Matteucci claimed it was a "wood whittler" and said he had pulled it out because he thought someone was going to stab him in the back.

On November 2, 2013, while in custody, Matteucci made threatening statements to two correctional officers as they escorted him to a holding unit. As he was placed in the holding cell, Matteucci threw himself against a cell wall, went to his knees and tried to slam his forehead into the corner wall of the cell.

According to the probation report, on March 20, 2014, Matteucci was found not competent to stand trial. He was admitted to Napa State Hospital and returned to the court as competent to stand trial on August 21, 2014.[2]

On January 26, 2015, the People filed an information charging Matteucci with seven counts: (1) assault with a deadly weapon (a hammer) (Pen. Code, § 245, subd. (a)(1))[3]; (2) carrying a concealed dirk or dagger (§ 21310); (3) brandishing a deadly weapon (a hammer) in a rude, angry or threatening manner (§ 417, subd. (a)(1)); (4 & 6) making criminal threats (§ 422); and (5 & 7) resisting an officer (§ 69). The information further alleged six prior felonies within the meaning of section 1203, subdivision (e)(4) (probation preclusion in the absence of unusual circumstances) and three prior prison terms within the meaning of section 667.5, subdivision (b) (one-year enhancement).

---

[1] The factual background concerning the crimes with which Matteucci was charged is taken from the probation report.

[2] The competency proceedings and reports are not in the record before us.

[3] Further statutory citations are to the Penal Code, unless indicated otherwise.

On January 28, 2015, Matteucci pleaded not guilty to all counts and denied all allegations.

On February 24, 2015, Matteucci pleaded no contest to counts 1 and 5, and the remaining counts and allegations were dismissed in accordance with a plea bargain. The plea bargain specified a "top" sentence of three years, with referral for a probation report.

On March 26, 2015, the court sentenced Matteucci to the middle term of three years in state prison on count 1 and a concurrent term of 16 months on count 5. The court awarded Matteucci 1,021 days presentence credits (501 actual days, plus 500 days conduct credit, plus 20 days "program time" for days spent in the hospital). The court imposed a $300 restitution fund fine (§ 1202.4); a parole revocation fine in the same amount (§ 1202.45, suspended unless parole is revoked); a $60 criminal conviction assessment (Gov. Code, § 70373); and an $80 court operations fee (§ 1465.8).

Matteucci timely filed a notice of appeal on April 10, 2015, indicating that the appeal is "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

## DISCUSSION

Matteucci's appellate counsel represents that the opening brief is filed in accordance with *Wende*. The *Wende* court held: "We conclude that *Anders* requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende*, *supra*, 25 Cal.3d at p. 441.)

We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.

3

_____
STEWART, J.

We concur.

_____
KLINE, P.J.

_____
RICHMAN, J.